IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELIZABETH SULLIVAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 23-1377-CFC |
| | : |
| LOUIS DEJOY, et al. | : |
| | : |
| Defendants. | : |

Elizabeth Sullivan, New Castle, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

May 13, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On December 4, 2023, Plaintiff Elizabeth Sullivan filed her *pro se* Complaint in this matter. (D.I. 2) She has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Amended Complaint is the operative pleading. (D.I. 6) The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff's Amended Complaint is difficult to follow, but she appears to raise claims for employment discrimination, alleging that she was constructively discharged by the United States Post Office. She attaches by reference an email she sent to post-office employees; her December 28, 2022 resignation letter, stating that her resignation would become effective on January 21, 2023; and other documents. She references terms like "retaliation" and "ageism," and indicates that she was falsely accused of a crime, but she does not allege specific facts supporting claims along these lines.

In Plaintiff's attached email, she states that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on July 24, 2023, and received a notice of right to sue letter from the EEOC on October 5, 2023. Plaintiff, however, has not submitted her EEOC complaint or the right-to-sue letter.

Plaintiff requests over $100,000 in damages, and injunctive relief directing the termination of "any and all parties involved," as well as reinstatement of her job and a promotion.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is

2

deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

3

8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

As indicated above, Plaintiff's allegations fall well short of the level of specificity required to state a claim. Plaintiff will be given leave to file a second amended complaint making clear within the second amended complaint itself what specific claims she is bringing and the particular facts supporting those claims.

The Court will, therefore, dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given that the Court has determined that Plaintiff has failed to state a claim, her request for appointed counsel will be denied without prejudice to renew.

Plaintiff will also be directed to include her EEOC complaint and right-to-sue letter with her second amended complaint.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint. Plaintiff will be given leave to file a second amended complaint that includes her EEOC complaint and right-to-sue letter.

This Court will issue an Order consistent with this Memorandum Opinion.

4