IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ELIZABETH SULLIVAN,              )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        Civ. No. 23-1377-CFC
                                 )
LOUIS DEJOY, *et al.*,           )
                                 )
        Defendants.              )

## MEMORANDUM ORDER

Plaintiff Elizabeth Sullivan, of Wilmington, Delaware, filed a second amended complaint *pro se*. (D.I. 22.) Previously, the Court granted Plaintiff leave to proceed *in forma pauperis* in this case. (D.I. 7.) Accordingly, the second amended complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). At this early state of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in her favor, and asks only whether the second amended complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

Prior to Plaintiff filing the second amended complaint, on May 13, 2024, the Court dismissed Plaintiff's first amended complaint for failing to state a claim, and the Court granted Plaintiff leave to amend. (*See* D.I. 9, 10.) The Court explained that "Plaintiff's allegations fall well short of the level of specificity required to state a claim" and directed Plaintiff to "mak[e] clear within the second amended complaint itself what specific claims she is bringing and the particular facts supporting those claims." (D.I. 9 at 5.)

In response, Plaintiff has filed a two-page second amended complaint and seventeen pages of supporting documentation. (*See* D.I. 22, 22-1, 22-2.) At the outset, the second amended complaint fails to comply with the May 13, 2024 Memorandum Opinion and Order of the Court. (*See* D.I. 9, 10.) The second amended complaint merely states that Plaintiff "was unaware of [her] rights to file the [d]iscrimination [complaint] with the EEOC[,] and once [she] was able to finally contact an investigator[,] the time limit had passed," with references to relevant regulations and supporting documentation. (D.I. 22 at 2.) Plaintiff alleges that the time lapsed because she "was still actively trying to obtain [her] employment with [Defendant]." (*Id.*)

Review of Plaintiff's supporting documentation reveals that Plaintiff initiated this case pursuant to a United States Postal Service (USPS) Equal Employment

2

Opportunity (EEO) dismissal of formal EEO complaint. (*See* D.I. 22-2 at 8-12.) The October 19, 2023 dismissal confirms that Plaintiff's EEO complaint was dismissed as untimely. (*See id.* at 10.) According to the dismissal, since Plaintiff had alleged "discrete acts [of discrimination] which occurred on specific dates and had an instant effect on a term or condition of [her] employment," Plaintiff was "obligated to request pre-complaint counseling no later than 45 days from the dates of these discrete acts." (*Id.*) Nevertheless, Plaintiff did not request pre-complaint processing until 65 days, or later, after Defendant denied Plaintiff reemployment, which was the last discriminatory act alleged. (*Id.* at 8.)

"[F]ederal employees must exhaust Title VII administrative remedies before filing suit against a federal employer." *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 192 (3d Cir. 2000). As the second amended complaint acknowledges, applicable regulations required Plaintiff to initiate contact with a counselor within 45 days of the alleged discriminatory conduct. *See* 29 C.F.R. § 1614.105. This 45-day period can be equitably tolled "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994),

3

*overruled on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc).

The second amended complaint and supporting documents suggest no basis for equitable tolling in this case. Plaintiff alleges that she "was unaware of [her] rights to file the [d]iscrimination [complaint] with the EEOC." (D.I. 22 at 2.) Yet "[e]quitable tolling requires the exercise of reasonable diligence." *Campbell v. United States*, 375 F. App'x 254, 259 (3d Cir. 2010). Furthermore, the October 19, 2023 EEO dismissal letter informed Plaintiff of the opportunity to appeal to the EEOC. (D.I. 22-2 at 11.)

Based on the foregoing, it is HEREBY ORDERED that the second amended complaint (D.I. 22) is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is FURTHER ORDERED that Plaintiff is **GRANTED** one final opportunity to amend her pleading **on or before August 29, 2025**. A third amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," which must be a statement of specific facts that allegedly occurred. FED. R. CIV. P. 8(a)(2). A third amended complaint must also include any facts suggesting that equitable tolling should apply. If Plaintiff files a third amended complaint that again fails to state a claim, Plaintiff's claims may be dismissed with

4

prejudice. Alternatively, if Plaintiff does not file a third amended complaint, this case will be closed.

_____    7/31/25
Chief Judge